UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY HARRIS,                        :    **CIVIL NO**. 3:12-CV-0558
                                     :
        Petitioner                   :    (Judge Nealon)
                                     :
    v.                               :    (Magistrate Judge Smyser)
                                     :
                                     :
DAUPHIN COUNTY COURTS, *et al*.,     :
                                     :
        Respondents                  :


**REPORT AND RECOMMENDATION**


    Tammy Harris has filed a 28 U.S.C. § 2254 habeas corpus petition.  We construe her claim to be that she was convicted on December 14, 2011 in the Court of Common Pleas of Dauphin County of charges of violations of Pennsylvania criminal statutes.  She states that she will be in custody until at least May 29, 2012.  By her use of a 28 U.S.C. § 2254 form she appears to be asserting that her conviction and custody are in violation of her federally protected rights, but she does not describe any understandable set of facts or theory of a constitutional violation.  She also appears to be setting forth a challenge to the conditions of her confinement.

28 U.S.C. § 2254 provides in part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The petitioner has not asserted that she has exhausted her claims through the state court system.

The exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A habeas corpus petitioner bears the burden of demonstrating that she has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that she has fairly presented her claim to

the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that if, after an initial review, it plainly appears from the petition that the petitioner is not entitled to relief, the petition is to be dismissed as that stage.

It plainly appears from the petition that the petitioner is not entitled to relief in the district court because there is no indication that the petitioner has exhausted state judicial remedies. 28 U.S.C. § 2254(b).

As noted above, this petition is also concerned with conditions of Harris' confinement. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of good-conduct-time credits as a result of disciplinary proceedings brought suit under 42 U.S.C. § 1983 seeking injunctive relief to compel the restoration of their good-conduct-time credits. The question before the Supreme Court was whether a state prisoner may seek such relief through a § 1983 action even though the federal habeas corpus statute provides a specific federal remedy. *Id*. at 477. The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.* at 484. The prisoners' claims fell squarely within this traditional scope of habeas corpus: "They alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal confinement, i.e. that once their conditional-release date had passed, any further detention of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate

5

release from physical custody." *Id.* at 487. The Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

The Court in *Preiser* noted that habeas corpus may be available to challenge prison conditions. *Id.* at 499 (citing *Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson* 404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)("[w]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court went on to state that it need not "explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983" because that question was not before the Court. *Id*. at 500. But the Supreme Court has never followed the speculation in *Preiser* that habeas corpus may be available to challenge prison conditions. *Muhammad v. Close,* 540 U.S. 749, 751 n.1,

6

755 (2004)(noting that the Court has not followed the speculation in *Preiser* and holding that prisoner challenging prehearing detention "raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's [v. Humphrey,* 512 U.S. 477 (1994)] favorable-termination requirement was inapplicable").

In the years following *Preiser,* the distinction and interplay between habeas corpus and civil rights claims have been clarified. "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge . . . must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Id.*

Certain statutory provisions cause it to be important that the court make a threshold determination whether a prisoner's action is a habeas corpus action or a civil rights action. One

7

is that there is a different filing fee for a civil rights action as compared to a habeas action.  Also, in civil rights actions *in forma pauperis* and other restrictions are in place under the Prison Litigation Reform Act of 1996, including the "three strikes" provision of 28 U.S.C. § 1915(g).  The petitioner may not avoid the requirements of 28 U.S.C. § 1915 by titling a civil rights action as a habeas corpus action.

As to the claims involving conditions of confinement, it will be recommended that her petition for a writ of habeas corpus be dismissed without prejudice to the petitioner asserting her claims in a 42 U.S.C. § 1983 action.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:  April 6, 2012.