IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY HARRIS,
    Petitioner

v.

DAUPHIN COUNTY PRISON, et al.,
    Respondents

CIVIL NO. 3:12-CV-558

(JUDGE NEALON)
(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

On March 28, 2012, Petitioner, Tammy Harris, an inmate currently confined at the Dauphin County Prison, Harrisburg, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On April 6, 2012, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") concluding that to the extent Petitioner raises habeas claims she failed to exhaust state court remedies, and that her claims concerning the conditions of confinement must be raised under 42 U.S.C. § 1983. (Doc. 6). The R&R recommends that the habeas petition be dismissed without prejudice. (Id.). For the reasons set forth below, the R&R will be adopted.

### Standard of Review

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the

1

magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987)); compare Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

In the instant action, objections to the R&R were due by April 23, 2012. Petitioner did not file specific objections to the R&R, but sent three letters to the Court, each containing rambling and nonsensical assertions. See (Doc. 7) (alleging the "basis for civil lawsuit" is chemical warfare through the air conditioning and through the food, quoting Dr. Suess's Green Eggs and Ham); (Doc. 8) (claiming: "I am the sovern [sic] federal government"); (Doc. 10) (asking, "Do you hear voices in your head? Yes everyone does! Your [sic] suppose to."). Petitioner addresses one of her letters directly to Magistrate Judge Smyser, but makes preposterous allegations. See (Doc. 10, p. 3) (Petitioner states: "I'm Harris of Harrisburg"). Although a few cognizable claims are included amongst the ramblings, this Court can find no specific objection to the R&R. Nevertheless, this Court will conduct de novo review.

2

**Discussion**

A state prisoner challenging his/her conviction or sentence may seek federal habeas relief pursuant to section 2254. See 28 U.S.C. § 2254(a) (allowing a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Before seeking such relief, the prisoner must first exhaust state court remedies. See Williams v. Wynder, 232 Fed. Appx. 177, 178 (3d Cir. 2007) (affirming the district court's dismissal of a section 2254 habeas petition because the petitioner failed to exhaust his claims in state court); (Doc. 6, pp. 2-4). Petitions filed pursuant to 28 U.S.C. § 2254 shall be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases; (Doc. 6, p. 4).

In the R&R, Magistrate Judge Smyser reasons that by her use of the section 2254 habeas form, Petitioner alleges that her conviction and custody are in violation of federally protected rights. (Doc. 6, p. 1). The Magistrate Judge finds, however, that Petitioner fails to "describe any understandable set of facts or theory of a constitutional violation." (Id.). Further, Magistrate Judge Smyser concludes that it is plain from the petition that Petitioner has not exhausted state judicial remedies. (Id. at p. 4). The R&R recommends that the habeas claims be dismissed without prejudice. (Id.).

Next, the Magistrate Judge determines that the petition also concerns the conditions of Petitioner's confinement. (Doc. 6, p. 5). The R&R explains, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or

undo his conviction" a civil rights action is appropriate. (Id. at p. 7) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)); see also Canals-Santos v. Ebbert, 2010 U.S. Dist. LEXIS 23091, *6 (M.D. Pa. 2010) (Jones, J.). Specifically, where a state prisoner is "making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody", a section 1983 action is the proper remedy. See McCarthy v. Bronson, 500 U.S. 136, 142 (1991) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). Magistrate Judge Smyser discusses the importance of distinguishing between a habeas petition and a civil rights action. (Doc. 6, pp. 7-8) (referring to the different filing fees and the three strikes provision of 28 U.S.C. § 1915(g)).[1] The R&R concludes that the claims involving conditions of confinement should be dismissed without prejudice to Petitioner's right to assert her claims in a 42 U.S.C. § 1983 action. (Id. at p. 8).

After de novo review, this Court will adopt the R&R.

The petition for writ of habeas corpus purportedly challenges Petitioner's conviction at Commonwealth of Pennsylvania v. Harris, CP-22-CR-444-2012 (filed January 30, 2012) and MJ-12205-CR-528-2011 (initiated December 24, 2011). (Doc. 1); (Doc. 6, p. 1). Petitioner alleges that she was convicted and sentenced on December 14, 2011. (Id.). She states that she did not file a direct appeal, but sought further review in this Court, asking that the English Embassy be contacted. (Doc. 1, p. 2). When answering whether a third petition was filed, Petitioner claims she made reports to the prison and police department, requesting to be sent to the British Embassy, on December 24, 2011 and on February 1, 2012. (Id. at p. 4). When the

---

[1] See Harris v. U.S. Federal Government, No. 4:08-cv-294 (M.D. Pa. filed February 15, 2008) at (Docs. 4-5) (dismissing Petitioner's civil rights action under 42 U.S.C. § 1983 as patently frivolous pursuant to 28 U.S.C. § 1915(g)).

4

habeas form asks whether an appeal was taken to the highest court, Petitioner responds: "I am the Highest Court Sovernity [sic]." (Id.).

An independent examination of CP-22-CR-444-2012 and MJ-12205-CR-528-2011, which is a Court of Common Pleas of Dauphin County case, reveals that Petitioner has not been convicted and that she is awaiting a mental health examination to determine her competency to stand trial for Burglary charges. See Harris, CP-22-CR-444-2012. Although the federal habeas petition lists the sentencing date as December 14, 2011, the Dauphin County action was not initiated until December 24, 2011. Id. A search of Pennsylvania state court criminal dockets reveals no other state cases for Petitioner. Because the challenged case is still pending in state court, Magistrate Judge Smyser's determination that Petitioner failed to exhaust state judicial remedies will be adopted and her habeas claims will be dismissed without prejudice.

Additionally, de novo review of the grounds for relief confirms the Magistrate Judge's determination that Petitioner's claims should be brought pursuant to 42 U.S.C. § 1983.[2] In ground one, Petitioner claims "threats of capital rape." (Doc. 1, p. 5).[3] Broadly read, Petitioner alleges she was subjected to an illegal search and seizure on "Feb. 4" resulting from multiple strip searches the same night and search dogs entering her cell. (Id.).[4] Petitioner also refers to

---

[2]Without deciding, this Court doubts Petitioner's claims, as stated, are sufficient to state a claim under 42 U.S.C. § 1983, but holds that they should nevertheless be raised in such an action.

[3]After review of all Petitioner's filings, it appears the rape claim arises from the alleged insertion of a finger into Petitioner's vagina during a strip search. See (Doc. 10, p. 13) (Petitioner claims her "Rapist" accused her of shoving "drugs up inside [Petitioner]!").

[4]Petitioner also challenges the allegedly illegal search and seizure occurring on "Feb. 4" in a pending civil rights action. See Harris v. Dauphin County Prison, et al., No. 3:12-cv-555 (M.D. Pa. filed March 28, 2012) (Nealon, J.).


the issuance of medications, although her claim is unclear. (Id.). Ground two of the habeas petition is again incomprehensible. (Id. at p. 6). In her third ground for relief, Petitioner cites "horrendous conditions," specifically cold temperatures, no showers for three weeks, and inadequate access to the legal library and to supplies. (Id. at p. 8). Liberally construed, Petitioner's fourth ground for relief, discriminatory treatment, is based in part on her alleged exclusion from skills classes. (Id. at p. 9).

All these claims challenge the conditions of confinement and must be raised in a civil rights action under 42 U.S.C. § 1983. See Schreane v. Holt, 2012 U.S. App. LEXIS 9144, *5-6 (3d Cir. 2012) (affirming the district court's dismissal of the prisoner's section 1983 access to the courts claim because there was no evidence that the prisoner's legal claims were affected by the alleged denial of supplies and of access to the law library); Tapp v. Proto, 404 Fed. Appx. 563, 567 (3d Cir. 2010) (explaining, in a civil rights action, that only in rare circumstances will a prisoner's complaints about his shower schedule and prison temperatures amount to a constitutional violation); George v. Pa. Dep't of Corr., 2010 U.S. Dist. LEXIS 23116 (M.D. Pa. 2010) (Caputo, J.) (addressing a prisoner's inadequate medical care claim and claim of discriminatory treatment under section 1983); Jones v. Luzerne County Corr. Facility, 2010 U.S. Dist. LEXIS 86430, *22 (M.D. Pa. 2010) (Vanaskie, J.) (concluding that although properly raised in a civil rights action, a prisoner's claim of unwarranted strip searches does not provide a basis for relief if the search is conducted in a reasonable manner); Rasheed v. Cox, 2007 U.S. Dist. LEXIS 32752 (E.D. Pa. 2007) (finding that the plaintiff's allegation that he was sexually assaulted during a pat down search did not rise to the level of a constitutional violation to support the civil rights complaint). Accordingly, Magistrate Judge Smyser's recommendation to dismiss

Petitioner's claims without prejudice to her right to bring them in a 42 U.S.C. § 1983 action will be adopted.

**Certificate of Appealability**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, this Court will not issue a certificate of appealability. See Merring v. Lackawanna County Prison, 2008 U.S. Dist. LEXIS 90647, *6 (M.D. Pa. 2008) (Jones, J.) (concluding, "[b]ased on Petitioner's failure to exhaust his issue in state courts, he has failed to make a showing of the denial of a constitutional right"); Brown v. Palakovich, 2008 U.S. Dist. LEXIS 62253 (E.D. Pa. 2008) (finding that reasonable jurists would not debate the court's procedural ruling, and refusing to issue a certificate of appealability after dismissing the prisoner's denial of access to courts claim without prejudice to the prisoner's right to raise the claim under section 1983).

A separate Order will be issued.

Date: May 17, 2012

**United States District Judge**